**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Leslie Boltz** | : | |
| 137 Scottsbury Court | : | |
| Gahanna, Ohio 43230 | : | Case No. 2:22-CV-2 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | Magistrate Judge |
| | : | |
| **Huntington Bancshares Incorporated** | : | **COMPLAINT** |
| 380 South Hamilton Road | : | **(Jury Demand Endorsed Hereon)** |
| Gahanna, Ohio 43230 | : | |
| *Agent for Service of Process* | : | |
| CT Corporation System | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| Defendant. | : | |

Plaintiff Leslie Boltz ("Plaintiff"), by and through undersigned counsel, state the following as her Complaint for a claim arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, against Defendant Huntington Bancshares Incorporated ("Defendant"):

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because the claim is set forth pursuant to the laws of the United States of America.

2. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the cause of action occurred in Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

**PARTIES**

3. Plaintiff is a natural person residing in Franklin County, Ohio, living in the Southern District, Eastern Division. At all relevant times, Plaintiff was an employee of Defendant as that term is defined by the ADEA, 29 U.S.C. § 630(f).

1

4. Defendant is a full-service banking provider that operates primarily in Ohio, Illinois, Indiana, Kentucky, Michigan, Pennsylvania and West Virginia. At all relevant times, Defendant was Plaintiff's employer as that term is defined by the ADEA, 29 U.S.C. § 630(b).

## FACTS COMMON TO ALL COUNTS

5. Plaintiff began working as a Teller at Sky Bank in Stow, Ohio on or about April 22, 2005.

6. Defendant completed its acquisition of Sky Bank in 2007, at which time Plaintiff became an employee of Defendant.

7. During January 2010, Plaintiff transferred to Columbus, Ohio as a Teller.

8. During September 2010, Defendant promoted Plaintiff to management in the Branch Service Manager position. In that role, Plaintiff worked at several branches in the Columbus, Ohio area.

9. During April 2018, Plaintiff requested to step down to a Teller position and started as a Teller Senior at Defendant's Rocky Fork Branch in Gahanna, Ohio

10. During October 2019, Defendant hired Jeremy Sharper ("Mr. Sharper") as the Manager of the Rocky Fork Branch in Gahanna, Ohio.

11. Numerous times after his hire in October 2019, Mr. Sharper asked Plaintiff when Plaintiff was going to retire. Plaintiff always responded the same: Plaintiff did not plan on retiring. Plaintiff informed Mr. Sharper that the only way to get rid of her was to walk her to the door and tell her not to come back again. When Plaintiff would say this, Mr. Sharper would offer an age of Plaintiff's retirement, even though Plaintiff told him she was not planning on retiring.

12. From March 2020 through June 2020, Defendant closed its lobbies and conducted all business through the drive through due to the coronavirus pandemic.

13. Plaintiff regularly made known her fear of contracting COVID-19 due to her age to Mr. Sharper and her coworkers.

14. On July 17, 2020, Mr. Sharper informed Plaintiff that she would be working at Defendant's Westerville branch from July 20-24, 2020. Mr. Sharper advised Plaintiff that she would be working the drive through and she would have lunch hours.

15. Mr. Sharper never informed Plaintiff that the Westerville branch had been contaminated with COVID-19, that the lobby was closed, or that all of the Westerville branch employees were in quarantine. Mr. Sharper never gave Plaintiff the opportunity to decline the assignment as she was at high risk to COVID-19 due to her age and ignored that she previously expressed extreme anxiety and apprehension about contracting COVID-19 at to her age.

16. During the week that Plaintiff worked at the Westerville branch, her drawer came up short once.

17. Plaintiff was placed on a Performance Improvement Plan ("PIP") for her drawer being short at the Westerville branch and now Plaintiff was allegedly unapproachable to coworkers. In all of her time working for Defendant, she had never been advised that she was unapproachable.

18. On or about August 21, 2020, Plaintiff ran a transaction while working in the drive through. Plaintiff wrote a check to her manicurist on an earlier date. Her manicurist cashed the check at the drive through window when Plaintiff was working. It was merely a coincidence.

19. On September 9, 2020, Mr. Sharper called Plaintiff into his office with a Human Resources ("HR") representative on the telephone. Mr. Sharper asked Plaintiff what happened on August 21, 2021. Plaintiff questioned Mr. Sharper what he was talking about. Mr. Sharper and the HR representative then notified Plaintiff that the check that she cashed for the individual was out of her account. Mr. Sharper stated that Defendant viewed it as running her own transaction and an alleged company policy. Plaintiff stated that she did not run her own transaction; she ran the transaction for the individual who cashed the check. Mr. Sharper and the HR representative informed Plaintiff that an investigation would be conducted even though Plaintiff's drawer balanced.

20. Company policy stated that an employee could not run a transaction for a family member or for an employee's own account. Plaintiff did not do either.

21. September 10, 2020, Mr. Sharper called Plaintiff into his office. An HR representative was on the telephone again. Plaintiff was informed that she was terminated for running her own transaction.

22. At the time of Plaintiff's termination, she was sixty-seven (67) years old.

23. A teller who is significantly younger than Plaintiff and works in the same region as Plaintiff was listed on an account with her mother. The significantly younger Teller wrote a check to her mother out of the account. The mother came to the bank and the significantly younger Teller cashed the check for the mother. The significantly younger Teller was not terminated or disciplined for running her own transaction.

24. On April 27, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01589.

4

25. On October 5, 2021, the EEOC issued a Notice of Right to Sue, attached hereto as Exhibit 1.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 623

26. Plaintiff restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

27. Plaintiff was sixty-seven (67) years old at the time of her termination from Defendant.

28. During her employment, Plaintiff successfully performed the duties and responsibilities of her position as Teller Senior.

29. Plaintiff was subjected to an adverse employment action by Defendant when it terminated her employment on September 10, 2020.

30. Defendant's management repeatedly made reference to Plaintiff's age and questioned her retirement date.

31. Defendant treated similarly situated significantly younger employees more favorably than Plaintiff and/or replaced Plaintiff with a significantly younger employee.

32. Defendant discriminated against Plaintiff in violation of the ADEA, 29 U.S.C. § 623(a)(1).

**WHEREFORE**, Plaintiff Leslie Boltz prays for judgment in her favor, back pay, front pay or reinstatement, punitive damages, pain and suffering, compensatory and non-economic damages in excess of $75,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which she may be entitled.

Respectfully Submitted,

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
**THE KNOLL LAW FIRM, LLC**
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890

          Facsimile: (614) 452-4850
          Email: lknoll@knolllaw.com
          *Trial Attorney for Plaintiff Leslie Boltz*

          Daniel I. Bryant (0090859)
          **BRYANT LEGAL, LLC**
          1550 Old Henderson Road, Suite 126
          Columbus, Ohio 43220
          Telephone: (614) 704-0546
          Facsimile: (614) 573-9826
          Email: dbryant@bryantlegalllc.com
          *Co-Counsel for Plaintiff Leslie Boltz*

## JURY DEMAND

Plaintiff requests a trial by a jury on all issues set forth herein.

          *s/Laren E. Knoll*
          Laren E. Knoll (0070594)
          The Knoll Law Firm, LLC
          *Trial Attorney for Plaintiff Leslie Boltz*